UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § § § | |
| v. | § § | CRIM. ACTION NO. 3:18-cr-0291-B |
| LA'DERRICK EDWARDS, | § § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant La'Derrick Edwards's Motion to Reduce Sentence or in the Alternative Pursuant to Compassionate Release Under 18 U.S.C. § 3582(c) (Doc. 79). For the reasons that follow, the motion is **DENIED WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On February 27, 2020, Mr. Edwards pleaded guilty to Conspiracy to Possess with the Intent to Distribute a Schedule II Controlled Substance. Doc. 75, J., 1. He was sentenced to ninety-five months of imprisonment and four years of supervised release. *Id.* at 2–3. His expected release date is April 2, 2025.[1]

Mr. Edwards now seeks a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) because he allegedly suffers from serious underlying medical conditions, putting him at a higher risk of severe

---

[1] The Bureau of Prisons (BOP)'s inmate locator is available at https://www.bop/gov/inmateloc (last visited July 17, 2020).

-1-

illness should he contract COVID-19. Doc. 79, Def.'s Mot., 5. Mr. Edwards reports he previously suffered from a brain tumor and stroke and he currently suffers from hypertension, high blood pressure, and epilepsy. *Id.* at 6.

Because BOP facilities have suspended inmate movement as a result of COVID-19, Mr. Edwards is currently serving his sentence at Grady County Jail in Chickasha, Oklahoma. *Id.* at 1. Moreover, according to Grady County's local Radio Station, "Kool 105.5 fm," there have been 25 inmates in Grady County Jail that have tested positive for COVID-19. *See* Kool 105.5 fm., https://kool1055fm.com/pages/kool-written-news (last visited July 11, 2020). The jail administrator, Jim Gerlach, reports that all 25 are "federal inmates who are in transit to other areas of the country." *Id.* One inmate, who was a federal inmate, died from COVID-19. *Id.*

Upon review, the Court concludes that although Mr. Edwards does not have the ability to exhaust his administrative remedies due to his housing at a non-BOP facility, Mr. Edward"s release is not warranted by extraordinary and compelling reasons because he has not provided this Court with medical records. Therefore, Mr. Edwards's motion is **DENIED WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C.

§ 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The Court's decision must also be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) ("[A] court may modify a defendant's sentence after considering the factors set forth in § 3553(a) to the extent applicable if it finds that extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." (internal quotations and citations omitted)).

## III.

## ANALYSIS

The Court finds that although Mr. Edwards is not subject to the exhaustion requirement at this time, § 3582 does not warrant a sentencing reduction or compassionate release in his case. Finally, this Court lacks jurisdiction to transfer Mr. Edwards to home confinement.

A.  *Mr. Edwards Is Not Subject to the Exhaustion Requirement.*

Section 3582(c)(1)(A) requires exhaustion of administrative remedies before a defendant can file a motion seeking a sentence reduction with the Court. *See* 18 U.S.C. § 3582(c)(1)(A) (permitting the filing of a motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden . . . whichever is earlier"). The United States Court of Appeals for the Third Circuit recently characterized this requirement as "a glaring roadblock foreclosing compassionate release" where the "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on his behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period."

*United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020). But "several courts have concluded that [the § 3582 (c)(1)(A) exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception to the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d 797, 807 (5th Cir. 2020) (Higginson, J., concurring) (per curiam) (collected authority omitted).

Here, Mr. Edwards admits that he did not request his compassionate release; however, he believes that because he is not currently housed at a BOP facility, attempting to exhaust his administrative appeals would be futile. *See* Doc. 79, Def.'s Mot., 3. He is correct. Because he is at a non-BOP facility,[2] "it appears that [Mr. Edwards] is without any administrative remedy to exhaust." *United States v. Morales*, 2020 WL 2097630, at *2 n.1 (D. Conn. May 1, 2020) (citing, *inter alia*, *Ross v. Blake*, 136 S.Ct. 1850, 1858 (2016) ("An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones.").

Therefore, the Court concludes that Mr. Edwards is not required to exhaust any administrative remedies at this point in time.

B.  *Irrespective of Administrative Exhaustion, Mr. Edwards Failed to Demonstrate Extraordinary and Compelling Circumstances*

Based on the § 3553(a) factors and the applicable policy statements issued by the Sentencing Commission, the Court finds that Mr. Edwards has not, at this time, shown extraordinary and compelling reasons to warrant a sentence reduction. "The policy statement applicable to compassionate release— § 1B1.13—sets forth three circumstances that are considered 'extraordinary

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited July 17, 2020) (explaining that Mr. Edwards is awaiting transfer to a BOP facility).

and compelling reasons.'" *United States v. Delgado*, 2020 WL 2542624, at *2 (N.D. Tex. May 19, 2020) (citing *Muniz*, 2020 WL 1540325, at*1 (citing U.S.S.G. § 1B1.13(1)(A) & cmt. n.1)). "Among these are the 'medical condition of the defendant,' including where the defendant is 'suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.'" Order, at 7, *Lee*, No. 3:07-CR-0289-M-2 (N.D. Tex. Apr. 23, 2020), ECF. No. 1950 (quoting *Muniz*, 2020 WL 1540325, at *1).

Mr. Edwards, however, has failed to provide sufficient documentation of his asserted medical records. In Mr. Edwards's motion, he explains that although he does not have access to his medical records, he would like the court to view the records because they show he suffers from conditions that make him more susceptible to COVID-19 including high blood pressure, epilepsy, and hypertension. Doc. 79, Def.'s Mot., 5–6. The Court is unsure how it, but not Mr. Edwards, can independently obtain his medical records. Without medical records, the Court cannot decide whether Mr. Edwards is eligible for compassionate release. Moreover, Mr. Edwards's generalized concerns about COVID-19 are insufficient to warrant his release. *See Delgado*, 2020 WL 2542624, at *3 ("[T]he Court must consider every prisoner individually and should be cautious about making blanket pronouncements . . . .").

Mr. Edwards's motion is thus **DENIED WITHOUT PREJUDICE**.

C.  *The Court Lacks the Authority to Order Home Confinement Instead of Imprisonment*

Mr. Edwards also seeks for this Court to designate him for home confinement and a longer supervised release. Doc. 79, Def.'s Mot., 1. However, "such requests are properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)).

Thus, this Court lacks the authority to transfer Mr. Edwards to home confinement.

## IV.

## CONCLUSION

For the foregoing reasons, Mr. Edwards's Motion to Reduce Sentence or in the Alternative Pursuant to Compassionate Release Under 18 U.S.C. § 3582(c) (Doc. 79) is **DENIED WITHOUT PREJUDICE**. By denying Mr. Edwards's motion without prejudice, the Court permits Mr. Edwards to file a subsequent motion for compassionate release in the event his circumstances later rise to the level of extraordinary and compelling. Additionally, if Mr. Edwards refiles a motion based on the above, the Court recommends that he obtain and provide recent medical information and evidence of his request(s) and appeal(s) for relief.

**SO ORDERED.**

**SIGNED: July 21, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE